IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-3079-D

| | | |
|---|---|---|
| UHURU'SEKOU KAMARA AJANI OBATAIYE-ALLAH, ) ) ) | | |
| Plaintiff, ) ) | | |
| v. ) ) | | **ORDER** |
| ASST. WARDEN FAUST, et al., ) ) | | |
| Defendants. ) | | |

On March 3, 2022, Uhuru'Sekou Kamara Ajani Obataiye-Allah ("Obataiye-Allah" or "plaintiff"), appearing pro se, filed a complaint against Assistant Warden Nakeshia Faust ("Faust"), Sergeant Stephen Lowery ("Lowery," or collectively, "defendants"), and others at North Carolina Central Prison [D.E. 1]. On September 7, 2022, Faust filed a motion to dismiss [D.E. 22] and memorandum in support [D.E. 23]. On November 9, 2022, Lowery filed a motion to dismiss [D.E. 30] and memorandum in support [D.E. 31]. On November 18, 2022, the court referred the motions to dismiss to Magistrate Judge Meyers for an evidentiary hearing on the issue of exhaustion of administrative remedies and a memorandum and recommendation [D.E. 33]. On August 15, 2023, Magistrate Judge Meyers issued a Memorandum and Recommendation ("M&R") and recommended that the court grant defendants' motions to dismiss and dismiss plaintiff's complaint without prejudice for failure to exhaust administrative remedies. See [D.E. 62].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315

(4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b)(1). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

Obataiye-Allah did not object to the M&R. Therefore, the court reviews for clear error. See Diamond, 416 F.3d at 315. The court has reviewed the M&R and the record. There is no clear error on the face of the record. See id.

In sum, the court GRANTS defendants' motions to dismiss [D.E. 22, 30], ADOPTS the conclusions in the M&R [D.E. 62], and DISMISSES WITHOUT PREJUDICE plaintiff's complaint for failure to exhaust administrative remedies.

SO ORDERED. This 13 day of September, 2023.

JAMES C. DEVER III
United States District Judge